# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| PATRICIA ANN RHODES, an Individual, § <br> § <br> Plaintiff, § <br> vs. § <br> § <br> RONALD BRUCE VANDYKE, an Individual, § <br> § <br> Defendant. § <br> § | CASE NO:   7:17-cv-00114 <br><br> **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Patricia Ann Rhodes ("Rhodes") now files this Original Complaint, complaining of Defendant Ronald Bruce Vandyke ("Vandyke"). For causes of action, Plaintiff would respectfully show the Court as follows:

### I.    JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §§ 1332(a)(1), 1367(a), this Court has subject matter jurisdiction (diversity jurisdiction) over this action. No single Plaintiff is a citizen of the same state as any single Defendant. With respect to the Plaintiff, Rhodes is a citizen of the State of Nevada with her residence located in Clark County, Nevada. In terms of the Defendant, Vandyke is a citizen of the State of Texas with his residence located in Midland County, Texas. The controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs.

2. This Court has personal jurisdiction over the Defendant for the following reasons:

   (a) Upon information and belief, Defendant is a citizen and resident of Texas; he engaged in tortious behavior in Texas; Defendant conducts business in this state; and/or the acts complained of occurred in Texas. In addition, the claims stated in this Complaint arise under Defendant's contacts with this state.

   (b) Defendant has had such minimum contacts with the State of Texas that this court's exercise of personal jurisdiction over him would not offend traditional notions of

1

fair play and substantial justice, and the claims stated in this Complaint arise under those minimum contacts.

3. Pursuant to 28 U.S.C. § 1391(a), venue is proper in the United States District Court for the Western District of Texas for the following reasons:

(a) This judicial district is where all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

(b) The property at issue is located in this district.

(c) Upon information and belief, Defendant is a citizen and resident of Texas; he engaged in tortious behavior in Texas; Defendant conducts business in this state; and/or the acts complained of occurred in Texas.

## II. PARTIES

4. Plaintiff *Patricia Ann Rhodes ("Rhodes")* is an individual who resides in and is a citizen of the State of Nevada.

5. Defendant *Ronald Bruce Vandyke ("Vandyke")* is an individual who resides in and is a citizen of the State of Texas.

## III. NATURE OF THE CASE

6. This is a type of case that has played out in humankind over the centuries: a brother has been taking, denying, diminishing, and diluting his sister's rights to real and personal property that has been in the family for generations. Sister has legal and lawful rights to such property. Sister is filing this case to enforce her rights and to obtain an award of damages as a result of her brother's denial of her rights.

## IV. INFORMATION ALLEGATIONS

7. Allegations made in this Complaint have been based on information and belief, except those allegations that pertain directly to Plaintiff, which are based on her personal knowledge. The information and belief of Plaintiff are based upon, among other things, the investigation conducted by Plaintiff and her attorneys after being retained. Each and every allegation and factual contention contained in this Complaint has evidentiary support or, alternatively, is likely

to have evidentiary support after reasonable opportunity for further investigation or discovery by Plaintiff or her counsel.

### V. GENERAL FACTUAL BACKGROUND

8. Rhodes and Vandyke are sister and brother.

9. This lawsuit pertains to two parcels of real property and improvements thereon, including single family dwellings, that have been in the family for generations, as follows:

   (a) 106 N. Madison St., Midland, Texas 79701 (legally described as BLK: 028, LOT: 010, ADDN: MOODY, ACRES: 0.161) ("Parcel 1"); and

   (b) 108 N. Madison St., Midland, Texas 79701 (legally described as BLK: 028, LOT: 011, ADDN: MOODY, ACRES: 0.161) ("Parcel 2").

10. This lawsuit also pertains to certain personal property.

11. Upon information and belief, Parcel 1 has a current, fair market value greater than $120,000.

12. Upon information and belief, Parcel 2 has a current, fair market value in excess of $174,000.

13. Upon information and belief, the personal property has a fair market value in excess of $50,000.

14. Parcel 1 and Parcel 2 were originally owned by Thelma M. Adams ("Adams"), the parties' grandmother.

15. On or about November 19, 1985, Adams died in Midland, Texas.

16. Adams died intestate.

17. Parcel 1 and Parcel 2 were not probated after Adams's death.

18. Adams was survived by her only child and heir, David Vandyke, Sr., the parties' father.

19. On or about December 26, 1988, the parties' father passed away in Midland, Texas.

20. The parties' father died intestate.

21. Parcel 1 and Parcel 2 were not probated after their father's death.

22. The father was survived by his only children and heirs, Rhodes and Vandyke.

23. On or about February 22, 2016, Vandyke filed an application to determine heirship with regard to Adams's real and personal property.

**24.** On or about April 14, 2016, the County Court of Midland County, Texas entered a Judgment Declaring Heirship ("Heirship Judgment") (attached as *Exhibit 1*).[1]

**25.** In the Heirship Judgment, the court determined that Rhodes and Vandyke were Adams's only heirs.

**26.** In the Heirship Judgment, the court ordered and decreed that Rhodes and Vandyke would each have a 50% undivided interest in Parcel 1 and in Parcel 2.

**27.** The Heirship Judgment also provided that Rhodes and Vandyke would each have a 50% interest in all of Adams's personal property.

**28.** Vandyke has taken sole possession of Parcel 1 and Parcel 2; has denied Rhodes access to these properties; and has denied Rhodes the benefits of ownership of these properties.

**29.** In fact, Vandyke's daughter, Allyse Jackson ("Jackson"), has had possession of and has been living in the residential building located on Parcel 2 for years.

**30.** In addition, Vandyke has absconded with all of Adams's personal property, half of which belongs to Rhodes; in this manner, Vandyke has denied Rhodes the benefits of ownership of such personal property.

**31.** Since the Heirship Judgment was entered, Rhodes has made repeated demands to Vandyke that he give her the 50% share to the real and personal property, to which she is entitled.

**32.** Vandyke has simply ignored her demands; he has not even responded to letters from Rhodes's attorneys.

**33.** Seeing no option but judicial intervention, Rhodes now brings this suit.

///

///

///

///

///

---

[1] Unless otherwise indicated, any and all of the Exhibits to this Complaint are fully incorporated herein by reference.

## VI.     CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### Partition of Real and Personal Property

**34.** Pursuant to TEX. PROP. CODE ANN. ch. 23, and all applicable authority, and incorporating all of the foregoing and ensuing paragraphs by reference, Plaintiff states a claim against Defendant for partition of real and personal property, as follows:

**35.** Plaintiff and Defendant each have a one-half, undivided interest in Parcel 1 and Parcel 2.

**36.** Nevertheless, Vandyke has taken sole possession of Parcel 1 and Parcel 2; has denied Rhodes access to these properties; and has denied Rhodes the benefits of ownership of these properties.

**37.** Plaintiff and Defendant also have a one-half interest in the personal property of Adams.

**38.** However, Vandyke has absconded with all of Adams's personal property, half of which belongs to Rhodes; in this manner, Vandyke has denied Rhodes the benefits of ownership of such personal property.

**39.** Since the Heirship Judgment was entered, Rhodes has made repeated demands to Vandyke that he give her the 50% share to the real and personal property, to which she is entitled.

**40.** Defendant has ignored Rhodes's demands.

**41.** Given the circumstances, as a joint owner of Parcel 1 and Parcel 2 and as a joint owner of Adams's personal property, Plaintiff seeks to compel a partition of such interests or property between Plaintiff and Defendant.

**42.** Defendant's acts described above have proximately caused Plaintiff economic and non-economic damages in excess of $75,000.

**43.** Defendant's actions were done with malice (having an intent to injure Plaintiff) and/or they were done with a conscious or reckless disregard for the rights and well-being of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages.

**44.** Plaintiff has found it necessary to secure the services of an attorney in order to prosecute this action, and Plaintiff is entitled to recover her reasonable attorney fees and court costs.

## SECOND CLAIM FOR RELIEF

### Trespass to Real Property

**45.**   Incorporating all of the foregoing and ensuing paragraphs as if fully set forth herein, Plaintiff states a claim against Defendant for trespass to real property, as follows:

**46.**   Plaintiff owns and has a lawful right to possess Parcel 1 and Parcel 2.

**47.**   Defendant has entered these properties, and his entry has been physical, intentional, and voluntary.

**48.**   With his entry upon these properties, Defendant has denied Plaintiff the use, possession, and benefit of them.

**49.**   Defendant's entry was essentially a lock-out.

**50.**   Defendant's conduct constitutes a trespass upon Plaintiff's rights to these properties.

**51.**   Defendant's trespass has caused injury to Plaintiff.

**52.**   Defendant's acts described above have proximately caused Plaintiff economic and non-economic damages in excess of $75,000.

**53.**   Defendant's actions were done with malice (having an intent to injure Plaintiff) and/or they were done with a conscious or reckless disregard for the rights and well-being of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages.

**54.**   Plaintiff has found it necessary to secure the services of an attorney in order to prosecute this action, and Plaintiff is entitled to recover her reasonable attorney fees and court costs.

## THIRD CLAIM FOR RELIEF

### Conversion

**55.**   Incorporating all of the foregoing and ensuing paragraphs as if fully set forth herein, Plaintiff states a claim against Defendant for conversion, as follows:

**56.**   Plaintiff owned and had the right of immediate possession of Adams's property.

**57.**   The property was personal property.

**58.**   Defendant wrongfully exercised dominion or control over the property to the exclusion of Plaintiff and to the detriment of her rights.

**59.** Plaintiff has suffered injury.

**60.** Defendant's acts described above have proximately caused Plaintiff economic and non-economic damages in excess of $75,000.

**61.** Defendant's actions were done with malice (having an intent to injure Plaintiff) and/or they were done with a conscious or reckless disregard for the rights and well-being of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages.

**62.** Plaintiff has found it necessary to secure the services of an attorney in order to prosecute this action, and Plaintiff is entitled to recover her reasonable attorney fees and court costs.

### FOURTH CLAIM FOR RELIEF

### Unjust Enrichment/Quantum Meruit

**63.** Incorporating all of the foregoing and ensuing paragraphs by reference, Plaintiff states a claim against Defendant for unjust enrichment/quantum meruit, as follows:

**64.** Defendant has taken advantage of Plaintiff by taking possession, custody, and control of the entirety of Parcel 1 and Parcel 2 as well as all of Adams's personal property.

**65.** Vandyke has taken sole possession of Parcel 1 and Parcel 2; has denied Rhodes access to these properties; and has denied Rhodes the benefits of ownership of these properties.

**66.** In addition, Vandyke has absconded with all of Adams' personal property, half of which belongs to Rhodes; in this manner, Vandyke has denied Rhodes the benefits of ownership of such personal property.

**67.** Since the Heirship Judgment was entered, Rhodes has made repeated demands to Vandyke that he give her the 50% share to the real and personal property, to which she is entitled.

**68.** Vandyke has ignored her demands.

**69.** In this manner, Defendant has unjustly enriched himself to Plaintiff's detriment.

**70.** Such unjust enrichment includes the value, benefit, and use of the real and personal property.

**71.** As a proximate result of Defendant's conduct described above, Plaintiff has suffered damages.

**72.**     Principles of equity and fairness dictate that Defendant repay to Plaintiff the full amount of his unjust enrichment.

**73.**     Defendant's acts described above have proximately caused Plaintiff economic and non-economic damages in excess of $75,000.

**74.**     Defendant's actions were done with malice (having an intent to injure Plaintiff) and/or they were done with a conscious or reckless disregard for the rights and well-being of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages.

**75.**     Plaintiff has found it necessary to secure the services of an attorney in order to prosecute this action, and Plaintiff is entitled to recover her reasonable attorney fees and court costs.

### FIFTH CLAIM FOR RELIEF

### Declaratory Judgment

**76.**     Pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, the Texas Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE ANN. ch. 37, and all applicable authority, and incorporating all of the foregoing and ensuing paragraphs as if fully set forth herein, Plaintiff states a claim against Defendant for declaratory judgment, as follows:

**77.**     Plaintiff requests the Court to declare as follows:

   a.   that as a joint owner of Parcel 1, Parcel 2, and Adams's personal property, Plaintiff is entitled to enjoy her rights therein, including without limitation the rights of possession, use, and quiet enjoyment;

   b.   that Plaintiff is entitled to the benefit from such real and personal property;

   c.   that Defendant may not deny Plaintiff access to, use of, benefits from, or possession of such real and personal property; and

   d.   that Defendant must at all times act in a manner that does not deny, deprive, or diminish Plaintiff's rights to such real and personal property.

**78.**     Plaintiff's claim for declaratory judgment represents an actual and live controversy between Plaintiff and Defendant; hence, it is ripe and justiciable.

**79.**   Defendant's acts described above have proximately caused Plaintiff economic and non-economic damages in excess of $75,000.

**80.**   Defendant's actions were done with malice (having an intent to injure Plaintiff) and/or they were done with a conscious or reckless disregard for the rights and well-being of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages.

**81.**   Plaintiff has found it necessary to secure the services of an attorney in order to prosecute this action, and Plaintiff is entitled to recover her reasonable attorney fees and court costs.

### SIXTH CLAIM FOR RELIEF

### Injunctive Relief

**82.**   Pursuant to FRCP 65, 15 U.S.C. § 1116, TEX. CIV. PRAC. & REM. CODE ANN. ch. 65, and all applicable authority, and incorporating all of the foregoing and ensuing paragraphs as if fully set forth herein, Plaintiff states a claim for injunctive relief (including without limitation a possible temporary restraining order, preliminary injunction, and permanent injunction) against Defendant, as follows:

**83.**   Plaintiff brings this claim so that the Court may protect Plaintiff's rights to ownership, possession, management, operation, use, benefit, and control of Parcel 1, Parcel 2, and Adams's personal property.

**84.**   Injunctive relief is appropriate for these purposes.

**85.**   There are numerous reasons as to why the Court should issue an injunction in this action, including the following:

    a.   to protect Plaintiff's rights to such real and personal property, including without limitation the rights of possession, use, and quiet enjoyment;

    b.   to protect Plaintiff's right to benefit from such real and personal property;

    c.   to enjoin Defendant from denying Plaintiff access to, use of, benefits from, or possession of such real and personal property;

    d.   to mandate that Defendant must at all times act in a manner that does not deny, deprive, or diminish Plaintiff's rights to such real and personal property; and

      e.    to enjoin Defendant from unlawfully, illegally, or otherwise improperly denying, depriving, or diminishing Plaintiff's rights to such real and personal property.

**86.** The risk (or continued risk) of Defendant's unlawful, illegal, and improper conduct is imminent.

**87.** Defendant needs to be enjoined to keep him from solely and improperly exercising dominion over or otherwise denying, diminishing, infringing, transferring, managing, operating, using, disseminating, or controlling the real and personal property to which Plaintiff is a proper joint owner.

**88.** Such denial, diminishment, infringement, transfer, ownership, management, operation, use, dissemination, control, and use would cause Plaintiff to suffer irreparable injuries, losses, or damages, including without limitation the use and benefit of such property, all of which is unique and not replaceable or readily replaceable.

**89.** There is no adequate remedy at law for such injuries, losses, or damages.

**90.** For all these reasons, injunctive relief is appropriate.

**91.** Defendant's acts described above have proximately caused Plaintiff economic and non-economic damages in excess of $75,000.

**92.** Defendant's actions were done with malice (having an intent to injure Plaintiff) and/or they were done with a conscious or reckless disregard for the rights and well-being of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages.

**93.** Plaintiff has found it necessary to secure the services of an attorney in order to prosecute this action, and Plaintiff is entitled to recover her reasonable attorney fees and court costs.

**SEVENTH CLAIM FOR RELIEF**

**Accounting**

**94.** Incorporating all of the foregoing and ensuing paragraphs by reference, Plaintiff states a claim against Defendant for accounting, as follows:

**95.** Plaintiff and Defendant have a relationship whereby the one in possession and control of the jointly owned real and personal property owes the other an accounting of such property,

including without limitation an in inventory of all jointly owned items, the location and whereabouts of each item, the value of each item, the past benefits and use of each item, the value of such benefits and use, and so forth.

**96.** Inasmuch as Defendant has been in possession and control of the jointly owned real and personal property, he owes Plaintiff an accounting for same.

**97.** Principles of equity and fairness dictate that such an accounting be provided.

**98.** Defendant's acts described above have proximately caused Plaintiff economic and non-economic damages in excess of $75,000.

**99.** Defendant's actions were done with malice (having an intent to injure Plaintiff) and/or they were done with a conscious or reckless disregard for the rights and well-being of Plaintiff. Accordingly, Plaintiff is entitled to punitive damages.

**100.** Plaintiff has found it necessary to secure the services of an attorney in order to prosecute this action, and Plaintiff is entitled to recover her reasonable attorney fees and court costs.

### VII. DAMAGES

**101.** Because of Defendant's separate acts described above, Plaintiff has suffered damages and is entitled to a recovery as follows:

#### Actual, Consequential, Incidental, General, and Special Damages

**102.** Plaintiff is entitled to a recovery of her actual damages, which exceed $75,000.

**103.** Plaintiff is also entitled to a recovery of her consequential, incidental, general, and special damages, including without limitation pecuniary losses, out-of-pocket expenses, economic losses, lost income, lost earnings, lost revenue, lost benefits, damages incurred to prevent additional losses, expenses for measures reasonably necessary to counteract harmful conduct, physical inconvenience, mental pain and suffering, and other damages.

#### Non-Monetary Relief

**104.** Plaintiff is entitled to non-monetary relief, including without limitation the relief requested in Part VI, Fifth Claim for Relief ("Declaratory Judgment") and in Part VI, Sixth Claim for Relief ("Injunctive Relief"), above.

### Statutory Damages and Relief

**105.** Plaintiff is entitled to any and all damages and relief allowed under statutes cited in this Complaint.

### Punitive and Exemplary Damages

**106.** Plaintiff is entitled to a recovery for punitive and exemplary damages. In this connection, Plaintiff would show the Court as follows: With respect to all of Plaintiff's claims not sounding in contract, Defendant acted with malice (having a specific intent to cause substantial injury or harm to Plaintiff) and/or reckless disregard for the rights of Plaintiff. For all of these reasons, Plaintiff is entitled to exemplary damages against Defendant.

### Attorney Fees and Court Costs

**107.** Plaintiff has found it necessary to secure the services of an attorney in order to prosecute this action. Therefore, Plaintiff is entitled to an award of reasonable attorney fees and court costs.

### Pre-Judgment and Post-Judgment Interest

**108.** Plaintiff is entitled to pre-judgment and post-judgment interest.

### VIII. JURY DEMAND

**109.** Plaintiff demands trial by jury.

### IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiff Patricia Ann Rhodes ("Rhodes") requests the Court as follows:

A. to award Plaintiff her actual, consequential, incidental, general, and special damages in an amount in excess of $75,000 as allowed by law and justified by the circumstances of this case;

B. to award Plaintiff the non-monetary relief requested in Part VI, Fifth Claim for Relief ("Declaratory Judgment") and in Part VI, Sixth Claim for Relief ("Injunctive Relief"), above;

C. to award Plaintiff statutory damages and grant her statutory relief;

D. to award Plaintiff punitive and exemplary damages;

E. to award Plaintiff attorney fees and court costs;

F.	to award Plaintiff pre-judgment and post-judgment interest; and

G.	to award Plaintiff all such other and further relief to which she may be entitled at law or in equity.

DATED: *June 8, 2017*.

                Respectfully submitted,

                **FRIZELL LAW FIRM, PLLC**
                8275 S. Eastern Ave., Suite 200
                Las Vegas, Nevada 89123
                Office (702) 657-6000
                Fax (702) 657-0065
                DFrizell@FrizellLaw.com

**By:**	__/s/ R. Duane Frizell_____
        **R. DUANE FRIZELL, ESQ.**
        Texas Bar No. 24012660
        *Attorneys for Plaintiff*

# EXHIBIT 1

# EXHIBIT 1

P18612

2016 APR 14 AM 8:55

ALISON HALEY
COUNTY CLERK
MIDLAND COUNTY
BY

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| THELMA M. ADAMS, | § | OF |
| | § | |
| DECEASED | § | MIDLAND COUNTY, TEXAS |

## JUDGMENT DECLARING HEIRSHIP

On this day came on to be heard the sworn Application to Determine Heirship of the Estate of Thelma M. Adams, Deceased, wherein Ronald Bruce Vandyke is the Applicant, and Decedent's living heirs whose names and/or whereabouts are unknown are Defendants, and it appears to the Court, and the Court so finds that all parties interested in the Estate of Decedent have been duly and legally served with citation as required by law; that this Court has jurisdiction of the subject matter and all persons and parties; that the evidence presented and admitted fully and satisfactorily proves each and every issue presented to the Court; that Decedent died intestate and that the heirship of Decedent has been fully and satisfactorily proved and the interest and shares of each of the heirs therein; and that no administration is necessary.

The Court finds and it is **ORDERED** and **DECREED** by this Court that the name and place of residence for each heir of Decedent and the share and interest in the real and personal property of Decedent are as follows:

Name:         RONALD BRUCE VANDYKE
Place of Residence:  █████████████████
Relationship:     GRANDSON
Real Property Share: 50% interest in real property
  *Legally described as*:
  BLK: 028, LOT: 010, ADDN: MOODY,
  ACRES: 0.161

Page 1 of 2

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN MIDLAND COUNTY CLERK'S OFFICE

```
                           Commonly known as:
                           106 N Madison ST
                           Midland, Texas 79701;
              and,
                           50% interest in real property
                           Legally described as:
                           BLK: 028, LOT: 011, ADDN: MOODY,
                           ACRES: 0.161
                           Commonly known as:
                           108 N Madison ST
                           Midland, Texas 79701
Personal Property Share: 50% interest in all Personal Property

                           PATRICIA ANN RHODES
Name:
Place of Residence:
Relationship:              GRANDAUGHTER
Real Property Share:  50% interest in real property
                           Legally described as:
                           BLK: 028, LOT: 010, ADDN: MOODY,
                           ACRES: 0.161
                           Commonly known as:
                           106 N Madison ST
                           Midland, Texas 79701;
              and,
                           50% interest in real property
                           Legally described as:
                           BLK: 028, LOT: 011, ADDN: MOODY,
                           ACRES: 0.161
                           Commonly known as:
                           108 N Madison ST
                           Midland, Texas 79701
Personal Property Share: 50% interest in all Personal Property
```

SIGNED on the 14th day of April, 2016.

JUDGE PRESIDING

APPROVED AS TO FORM:

Isaiah R. Jackson, Attorney for Applicant
State Bar No.: 24071021
602 N. Baird St., Suite 203
MIDLAND, TX 79701
Telephone: (432) 214-1642
Facsimile: (432) 789-1582
E-mail: irjlaw@live.com

A TRUE AND CORRECT COPY OF ORIGINAL INSTRUMENT AS FILED IN MIDLAND COUNTY CLERK'S OFFICE

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS, COUNTY OF MIDLAND I hereby certify that this document, with all certificates affixed appearing in purple ink, is a full, true and correct copy as the same appears of record in this office in Midland County, Texas.
GIVEN UNDER MY HAND AND SEAL THIS THE ____ DAY OF ____, 20__