UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| PATRICIA ANN RHODES, § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. MO:17-CV-00114-DC |
| § | |
| RONALD BRUCE VANDYKE, § | |
| *Defendant*. § | |

## ORDER GRANTING PLAINTIFF'S REQUEST FOR ATTORNEY FEES INCURRED IN CONNECTION WITH HER MOTION TO COMPEL DISCOVERY

BEFORE THE COURT is Plaintiff Patricia Ann Rhodes' Request for Attorney Fees Incurred in Connection with her Motion to Compel Discovery. (Doc. 17). After due consideration, the Court **GRANTS** Plaintiff's Request for Attorney Fees. *Id.*

### I. FACTUAL BACKGROUND

On March 28, 2018, Plaintiff filed her Motion to Compel Discovery and for Extension of Deadline for Initial Expert Disclosure. (Doc. 15). The Court granted Plaintiff's Motion to Compel on May 1, 2018. (Doc. 16). Pursuant to Federal Rule of Civil Procedure 37(a)(5), the Court found that no factor precluded an award of expenses to Plaintiff as the prevailing party. *Id.* at 5. The Court provided Plaintiff ten days from the signing of the order granting Plaintiff's to submit a request for fees and expenses incurred in making the motion. *Id.* To provide another opportunity to be heard, the Court also asked Defendant Ronald Bruce Vandyke to submit a response detailing why fees and expenses should not be assessed against him. *Id.* Plaintiff filed the request for attorney fees at issue on May 11, 2018. (Doc. 17). Defendant did not respond to Plaintiff's request.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 37, a party whose conduct necessitated the motion to enforce discovery generally is required to pay the movant's reasonable expenses and attorney fees. Fed. R. Civ. P. 37(a)(5)(A). Federal Rule of Civil Procedure 37(a)(5)(A) requires that a non-movant have an opportunity to be heard as to the award of fees and expenses, and provides three exceptions under which courts must not order payment of the movant's fees. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The three exceptions are: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. *See id.*

In the Fifth Circuit, the "lodestar" method is used to calculate attorney fees for purposes of fee awards. *See Tollett v. City of Kemah,* 285 F.3d 357, 367–68 (5th Cir. 2002). In calculating a lodestar, the number of hours reasonably expended are multiplied by an appropriate hourly rate in the community for such work. *See Singer v. City of Waco,* 324 F.3d 813, 829 (5th Cir. 2003). The party seeking reimbursement of attorney fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). The Court then uses this as a benchmark and excludes any time that is excessive, duplicative, unnecessary, or inadequately documented. *See id.* The hours remaining are those reasonably expended. *Id.*

After calculating the lodestar, the Court may either: (1) accept the lodestar figure; or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.

1974). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or other circumstances; (8) the monetary amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and duration of the professional relationship with the client; and (12) awards in similar cases. 448 F.2d at 717–19. However, the lodestar is presumed to be reasonable and should only be modified in exceptional cases. *See Watkins*, 7 F.3d at 457. Additionally, a party seeking attorney fees may only recover for time spent in preparing the actual discovery motion or otherwise caused by the other party's failure to comply with discovery. *See Tollett*, 285 F.3d at 368. Any fees and expenses not caused by a discovery violation are not assessable. *See id.* ("Obviously, the fees incurred for the underlying discovery requests were not caused by any failure to comply. Discovery dispute or no, those fees would have been incurred.").

### III. DISCUSSION

The Court previously found that no factor precluded the Court from awarding fees and expenses to Plaintiff as the prevailing party. (Doc. 16 at 5). Further, Defendant did not respond to Plaintiff's Motion to Compel or Plaintiff's Request for Attorney fees detailing any factors that would prohibit the award of fees and expenses. Accordingly, the Court must only calculate and adjust the lodestar.

Plaintiff requests the Court to award expenses, including attorney fees, incurred in the filing of their Motion to Compel. (Doc. 17 at 1–2). Specifically, Plaintiff moves the Court to award $1,710.00 in attorney fees against Defendant. *Id.* Plaintiff's Counsel presents evidence

that he billed 5.7 hours relating to Plaintiff's motion to compel and charged an hourly rate of $300.00. *Id.* at 5–9.

1. **Reasonable Rate**

First, the Court must determine whether Plaintiff's Counsel's hourly rate is reasonable when compared to the prevailing rates for attorneys of similar skill and experience in the relevant market. *McClain v. Lufkin Indus., Inc.,* 649 F.3d 374, 381 (5th Cir. 2011) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). This rate is usually established through affidavits of other attorneys practicing in the relevant community. *Tollett*, 285 F.3d at 368. The relevant community refers to "the judicial district in which the litigation occurred," which is the Western District of Texas in this case. *See Ramirez v. Lewis Energy Grp., L.P.*, 197 F. Supp. 3d 952, 956 (S.D. Tex. 2016). However, "the district court is itself an expert in assessing these matters." *Davis v. Bd. of Sch. Comm'rs of Mobile Cty.,* 526 F.2d 865, 868 (5th Cir. 1976) (citing *Weeks v. S. Bell Tel. & Tel. Co.*, 467 F.2d 95, 98 (5th Cir. 1972) ("The court is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony of witnesses as to value.").

Plaintiff's Counsel billed an hourly rate of $300.00. (Doc. 17 at 5–9). Plaintiff's Counsel became a licensed Texas attorney nineteen years ago. *Id.* at 3. He is also licensed in New Mexico and Nevada. *Id.* As an attorney, Plaintiff's Counsel has litigated several civil cases similar to the case before the Court. *Id.* Plaintiff's Counsel provides in his declaration:

> I know the nature and types of attorney fees and costs that the parties necessarily must incur in Texas in this type of civil litigation. I know whether any particular attorney fees and costs incurred in Texas in this type of litigation are reasonable or not. . . .
>
> . . . .
> . . . All such fees [that were incurred in this case] were reasonable at the time, at the place, and in the manner that they were incurred.

4

*Id.* at 3–4.

Additionally, the State Bar of Texas provides a 2015 Hourly Rate Fact Sheet.[1] According to the Fact Sheet, the median hourly rate for an attorney practicing in West Texas was $225.00. The median hourly rate for an attorney practicing commercial litigation and real estate in West Texas was $275.00 and $200.00 respectively. Finally, the median hourly rate of an attorney with nineteen years of experience in West Texas was $250.

Considering Plaintiff's Counsel's experience, declaration, the 2015 Fact Sheet, and the Court's knowledge of attorney rates in the local community, the Court finds Plaintiff's Counsel's hourly rate of $300.00 reasonable.

**2. Time Reasonably Expended**

The next step in the lodestar analysis is to determine the number of hours reasonably expended on the litigation. As part of the reasonableness inquiry, the fee applicant has the burden of demonstrating the exercise of billing judgment. *Saizan*, 448 F.3d at 799. Billing judgment refers to the exclusion of hours that are excessive, redundant, or unproductive. *Id*. The remedy for lack of billing judgment is a reduction in hours "by a percentage intended to substitute for the exercise of billing judgment." *Id*.

Plaintiff's Counsel spent 5.7 hours on matters relating directly to Plaintiff's Motion to Compel. (Doc. 17 at 5–9). The tasks included contacting opposing counsel multiple times as well as preparing the motion and request for attorney fees and expenses. *Id.* Plaintiff's Counsel specifically deducted unrelated tasks from the fee request by redacting and asterisking the fees and expenses requested. *See id.*

---

1. STATE BAR OF TEXAS, 2015 HOURLY FACT SHEET (2015), https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=34182

The Court finds that Plaintiff's Counsel's declaration and billing statement are adequate to demonstrate the time that Plaintiff's Counsel spent in connection with the motion to compel. Accordingly, Plaintiff meets her burden of establishing that 5.7 hours were reasonably expended in connection with the motion to compel and are recoverable under Rule 37(a)(5)(A) by "present[ing] adequately documented time records to the court." *Watkins*, 7 F.3d at 457. Additionally, the Court finds that the time expended by Plaintiff's Counsel in connection with the motion to compel was not excessive, duplicative, or inadequately documented.

### 3. Calculations and Adjustments

The Court calculates the lodestar by multiplying the reasonable hourly rate of $300.00 by the 5.7 hours of reasonable time expended in connection with Plaintiff's Motion to Compel. The total lodestar amount is $1,710.00. The Court further finds no reason, based on any of the *Johnson* factors, to modify the $1,710.00 lodestar amount, of which there is a strong presumption of reasonableness. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010).

### IV. CONCLUSION

For the preceding reasons, the Court **GRANTS** Plaintiff's Request for Attorney Fees Incurred in Connection with Her Motion to Compel Discovery in the amount of $1,710.00. (Doc. 17). Pursuant to Federal Rules of Civil Procedure 37(a)(5)(A), the Court **ORDERS** Defendant to pay $1,710.00 in attorney fees incurred in the filing of Plaintiff's motion to compel.

Full payment must be made to Plaintiff no later than **twenty-one (21)** days from the date of this Order.

It is so **ORDERED**.

SIGNED this 11th day of June, 2018.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE